Richard J. Meier, Esq.
MEIER LLC
501 W. Broadway, Suite 800
San Diego, CA 92101
Tel: 619-810-7490
Fax: 619-374-7337
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. MEIER,<br><br>   Plaintiff,<br><br>v.<br><br>ALLIED INTERSTATE, LLC<br>c/o CT Corporation System<br>818 W 7th Street, Suite 930<br>Los Angeles, CA 90017<br><br>   Defendant. | Case No.: **'18CV1562 GPC BGS**<br><br>Judge:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES UNDER THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff complains and alleges, based on personal knowledge, and on information and belief as to all other matters, and demands trial by jury:

### NATURE OF ACTION

1. Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant Allied Interstate, LLC ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff seeks statutory damages for the TCPA violations committed by Defendants.

2. Defendant is a Minnesota registered company that conducts business throughout the country.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this class action lawsuit under 28 U.S.C. § 1331 and 47 U.S.C. §

COMPLAINT - 1

227.

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a) because Defendant is a corporation that is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced. Defendant's contacts with this District, including directing text messages into this District, are sufficient to subject them to personal jurisdiction in this District.

## PARTIES

5. Plaintiff is an individual and was, at all times mentioned herein, a U.S. citizen residing in San Diego, California.

6. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

7. Defendant is, and at all times mentioned herein was, a corporation incorporated under the laws of the State of Minnesota. Defendant is, and at all times mentioned herein was, a corporation and "person" as defined by 47 U.S.C. § 153(10).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 ((TCPA), 47 U.S.C. § 227)

8. The TCPA regulates, *inter alia*, the use of automated telephone equipment or "autodialers." Specifically, the TCPA prohibits the use of autodialers to make any call, including text messages or SMS messages, to a wireless number in the absence of an emergency or the prior express consent of the party called. 47 U.S.C. § 227(b)(1)(A)(iii).

9. According to findings by the Federal Communication Commission ("FCC"), which is vested with authority to issue regulations implementing the TCPA, such autodialed calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and receiving and addressing such calls can be costly and inconvenient.

10. On July 10, 2015, the FCC ruled that "the TCPA requires consent not of the intended recipient of a call, but of the current subscriber." *See* FCC 15-72.

### FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

11. In 2018, Defendant placed, or caused to be placed, telephone calls to Plaintiff's cellular phone.

12. Upon information and belief, those telephone calls were made using an "automated telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A).

13. At no time did Plaintiff ever provide his cellular phone number to Defendant.

14. At no time did Plaintiff ever consent to receiving automated telephone calls from Defendant.

15. The telephone number that Defendants and/or affiliates, subsidiaries, or agents of Defendants used to contact Plaintiff was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. The complained of telephone calls were not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. Plaintiff did not provide "express consent" or any other form of consent allowing Defendants and/or affiliates, subsidiaries, or agents of Defendants to place telephone calls to Plaintiff's cellular phone by means of an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

18. Under the TCPA, the burden is on Defendants to demonstrate that Plaintiff provided express written consent within the meaning of the statute. *See* FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

### CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE**
**CONSUMER PROTECTION ACT**
**(47 U.S.C. § 227)**

19. Plaintiff incorporates by reference the foregoing paragraphs as if fully stated herein.

20. The foregoing acts and omissions constitute negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227.

21. As a result of the alleged negligent violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call, including SMS messages, placed or transmitted in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

22. Plaintiff is also entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

### SECOND CLAIM FOR RELIEF
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### (47 U.S.C. § 227)

23. Plaintiff incorporates by reference the foregoing paragraphs as if fully stated herein.

24. The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227.

25. As a result of alleged knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call, including SMS messages, placed or transmitted in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

26. Plaintiff is also entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment in his favor, as follows:

27. As a result of the alleged negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages for each and every call/message that violated the TCPA;

28. As a result of the alleged willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks, as provided by the statute, of up to $1,500.00 for each and every call/message that violated the TCPA;

29. Injunctive relief prohibiting such violations of the TCPA in the future; and

30. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demand that Defendant takes affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
501 W. Broadway, Suite 800
San Diego, CA 92101
Tel: 619-810-7490
richard@meierllc.com